**Edwin Sandra PURNOMO, Sin Nee Wong, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

No. 06–0965–AG.

United States Court of Appeals, Second Circuit.

Feb. 26, 2007.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioners.

Michael Sady, Assistant United States Attorney, for Michael J. Sullivan, United States Attorney for the District of Massachusetts, Boston, MA, for Respondent.

Present: ROSEMARY S. POOLER, SONIA SOTOMAYOR, ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioners Edwin Sandra Purnomo and Sin Nee Wong, citizens of Indonesia, seek review of a January 31, 2006, order of the BIA vacating the August 18, 2004, decision of Immigration Judge ("IJ") Douglas B. Schoppert granting Purnomo's applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Edwin Sandra Purnomo, Sin Nee Wong*, Nos. A 96 259 826, A 96 259 827 (B.I.A. Jan. 31, 2006), *aff'g* Nos. A 96 259 826, A 96 259 827 (Immig. Ct. N.Y. City Aug. 18, 2004).

When the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). While we review the agency's factual findings under the substantial evidence standard, *see* 8 U.S.C. § 1252(b)(4)(B), we will "vacate and remand BIA decisions that result from flawed reasoning or the application of improper legal standards." *Rizal v. Gonzales*, 442 F.3d 84, 89 (2d Cir.2006).

We find the BIA's decision legally erroneous, and accordingly vacate and remand for further proceedings. In granting the application for asylum, the IJ relied on the following factual findings: Purnomo's personal circumstances had changed since he had become more religiously devout after entering the United

States, country conditions had worsened since Purnomo's entry into the United States, violence against Christians remained a significant problem in Indonesia, and the Indonesian government was sometimes complicit in acts of violence against Christians. The BIA reached the opposite conclusion, but did so without addressing the IJ's factual findings or explaining why they were clearly erroneous. *See* 8 C.F.R. § 1003. 1(d)(3)(i) ("Facts determined by the immigration judge, including findings as to the credibility of testimony, shall be reviewed only to determine whether the findings of the immigration judge are clearly erroneous."). The BIA's failure to apply this deferential standard of review to the IJ's factual findings is legal error that warrants remand in this case. *See Fen Yong Chen v. Bureau of Citizenship and Immigration Servs.*, 470 F.3d 509, 515–16 (2d Cir.2006) (vacating and remanding because BIA committed legal error by applying de novo review to IJ's factual finding). Accordingly, the petition for review is GRANTED, the BIA order is VACATED, and the matter is REMANDED for further proceedings consistent with this order.[1]

---

1. Since petitioners did not address the BIA's denial of their claim for relief under the Convention Against Torture, we deem that claim waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir.2005).

